IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**WOOTEN BROS. BLUEGRASS, INC.**                        **PLAINTIFF**


**V.**                        **CASE NO.  4:10CV00194 JMM**


**MISSOURI PACIFIC RAILROAD**
**COMPANY; ANADARKO E & P COMPANY, LP;**
**ANADARKO LAND CORP., AND UPLAND**
**INDUSTRIAL DEVELOPMENT COMPANY**            **DEFENDANTS**

## ORDER

Pending are Plaintiff's motion to remand, docket # 6 and Defendant Missouri Pacific Railroad's motion for leave to file an amended notice of removal, docket # 8.  On February 22, 2010, Plaintiff filed a Petition to Quiet Title in Mineral Interests in the Circuit Court of Conway County, Arkansas against Missouri Pacific Railroad Co. ("MoPac"), Anadarko E & P Company, LP, Anadarko Land Corp., and Upland Industrial Development Company.[1]

On March 29, 2010, MoPac filed a timely notice of removal alleging diversity jurisdiction and stating that "co-defendant has given its permission for this removal."  Plaintiff argues that the removal is defective because the record does not contain a timely-filed statement on the record from the Anadarko Defendants that they consent to the removal, the pleadings and the Notice of Removal fail to state grounds for diversity jurisdiction, the record lacks any indication of the citizenship of the Anadarko Defendants and MoPac failed to attach the state-court

---

[1] Based upon the Affidavit of Russell W. Miller, attached to MoPac's motion for leave to file an amended notice of removal, Anadarko E & P Company, LP, Anadarko Land Corp., and Upland Industrial Development Company are wholly-owned subsidiaries of Anadarko Petroleum Corporation.  Accordingly, the Court will refer to these defendants as the "Anadarko Defendants."

summonses directed to the Anadarko Defendants.  MoPac seeks leave of Court to file an Amended Notice of Removal curing these defects.

Having reviewed the pleadings, the Court finds that removal was proper, diversity jurisdiction exists between the parties and that the requested amendments should be allowed.  Any defects in the original Notice of Removal were technical in nature and did not deprive the Court of jurisdiction.  Accordingly, Plaintiff's motion to remand, docket # 6, is DENIED.  Defendant MoPac's motion for leave to file an amended notice of removal, docket # 8, is GRANTED.  Defendant may file its amended notice of removal within five (5) days of the entry of this Order.

IT IS SO ORDERED this 16th day of July, 2010.

James M. Moody
United States District Judge